UTICA,
July, 1830.

Hull
v.
Southworth.

## W. R. HULL *vs.* SOUTHWORTH.

An officer sued in an action of *trover* is entitled to the benefit of the provis-
ions of the act for the more easy pleading in certain suits; and the fact of
his having received an *indemnity* does not deprive him of his rights under it.

Where he levies upon property in the possession of the defendant in an ex-
ecution, and such property is in fact the property of another, this act will
not be considered as done *colore officii*, but as done *virtute officii*.

Where the *venue* in such case is not laid within the county where the act
complained of was done, after the evidence is given on the trial of the
cause the plaintiff cannot submit to a nonsuit, and the defendant is enti-
tled to a verdict.

THIS action was tried at the Madison circuit in Septem-
ber, 1829, before the Hon. SAMUEL NELSON, one of the cir-
cuit judges.

The declaration contained two counts in *case* for taking
certain personal property from the possession of one E. Hull,
who had mortgaged the same to the plaintiff to secure the
payment of a debt and disposing of the same, and a third
count in *trover* for the conversion of the same property. The
defendant pleaded the general issue. On the trial of the
cause, it appeared that the property in question had been
mortgaged to the plaintiff by E. Hull, who remained in pos-
session. Before the mortgage became absolute the defend-
ant, as a deputy sheriff of *Oneida*, by virtue of an execution
against E. Hull, levied upon the property, and *after* the mort-
gage became absolute, sold it. On these facts the defendant
insisted that he was entitled to a verdict according to the
provisions of the "act for the more easy pleading in certain
suits," 1 *R. L.* 155, the venue not having been laid within
the county where the act complained of was done. The
plaintiff then proved that the defendant had acknowledged
that he was indemnified by the plaintiffs in the execution,
and that the event of the suit was a matter of indifference to
him ; and contended that being indemnified, the defendant
was not entitled to the benefit of the provisions of the act
claimed by him ; and also that the act was inapplicable to an
action of *trover*, on the count in which he proposed to rely.
The judge ruled that the plaintiff could not recover. The

plaintiff then proposed to submit to a *nonsuit*, which being resisted by the defendant, who claimed a verdict in his favor, a verdict was rendered for the defendant, under the direction of the judge, with leave to the plaintiff to move to set it aside and to submit to a nonsuit. The case came before the court on a bill of exceptions.

*P. Gridley*, for the plaintiff.

*J. A. Spencer*, for the defendant.

*By the Court*, MARCY, J. The questions presented on the motion to set aside the verdict are, 1. Is the action of *trover* within the statute for the more easy pleading in certain suits? 2. Was the act complained of done by the defendant *by virtue* of his office as deputy sheriff? 3. Does the fact that he was indemnified deprive him of the benefit of the statute? 4. Did the judge err in refusing to permit the plaintiff to submit to a nonsuit?

The statute in question enumerates actions upon the case, trespass, battery and false imprisonment, as those to which its provisions are to apply. *Trover* has always been considered as within the denomination of actions on the case. In *Crummer* v. *Huff*, 1 *Wendell*, 24, it is said by the court that double costs under this statute have been given in *trover*. We certainly need not refer to authority to shew that *trover* is an action on the case. This ground of objection to the verdict cannot therefore be sustained.

If the statute was not intended for a case like this, it is difficult to perceive to what cases it was intended to apply. The officer is directed to seize the goods of a defendant in an execution, and if he finds him in possession of goods, he forbears to take them at his peril. The defendant's possession is evidence of his ownership. If the officer seizes them under such circumstances, and it turns out that a person out of possession has a right to them, can it be said that he did not act in taking the property by virtue of his office? This case is not like that where the officer has process which directs him to arrest one person and he takes another. The identity of persons is seldom a matter of doubt, and an offi-

cer need not err in such cases; but the right to property is often ascertained with difficulty, because it is often separated from the possession. If the officer acts upon the evidence of the fact which ordinarily settles that question, viz. the possession, he cannot justify himself if he errs, but he entitles himself to the benefit of the act for more easy pleading in certain suits.

In determining whether the defendant is entitled to the benefit of the provisions of this act, the court, I believe, never have enquired, nor is it reasonable they should enquire into the situation of the officer as to the indemnity he may have received to secure himself against loss or damage. His rights under the statute are not affected by such circumstance.

Whether the judge erred in refusing to permit the plaintiff to submit to a nonsuit, depends upon the construction to be given to the statute. It enacts, that if the plaintiff on the trial shall not prove that the cause of action arose in the county wherein the venue is laid, the jury shall find the defendant not guilty, without regard to any evidence given touching the merits of the prosecution. If full effect is given to this provision, it takes from the plaintiff the right to submit to a nonsuit. It is said this construction is inconsistent with the next sentence in the same section of the act, which is, that if a verdict shall pass for the defendant, or the plaintiff become nonsuit or suffer any discontinuance, the defendant shall recover double costs. Considering the first clause of the act as requiring a verdict for the defendant at all events, when the plaintiff lays the venue out of the proper county, it is not at all incompatible with the second clause, which allows him to become nonsuited. This right is only taken from him when he prosecutes in a different county from that in which the cause of action arose; but when he prosecutes in the proper county, he may become nonsuited as in any action to which this statute does not apply. When the act speaks of his being nonsuited, it has reference to the suit brought in the proper county; and it may also mean a nonsuit entered against the plaintiff for not proceeding to trial.

Motion to set aside the verdict denied.